UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSHUAUA AND DAVID MARCINISZYN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL NO. |
| | ) | |
| TARGET CORPORATION | ) | |
| | ) | |
| Defendant. | ) | JANUARY 29, 2014 |

**DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL**

Defendant Target Corporation, pursuant to 28 U.S.C. § 1441, removes to this Court the state action described below, which is within the original jurisdiction of this Court and properly removed under 28 U.S.C. §§ 1331, 1332, 1441, and 1446.  Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon Plaintiffs and filed with the Clerk of the Superior Court, Judicial District of Waterbury, Connecticut as an exhibit to a Notice of Filing.  A copy of the Notice of Filing is attached  as Exhibit A to the Certificate of Filing and Service of Notice of Removal, which is being filed contemporaneously herewith.

**PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

1. On January 13, 2014, Plaintiffs Joshua and David Marciniszyn commenced an action captioned *Marciniszyn v. Target Corporation*, with a Return Date of February 4, 2014, against Target in the Superior Court, Judicial District of Waterbury, Connecticut ("State Court Action").

2. Plaintiffs attempted to serve Target with the State Court Action Summons and Complaint by sending the Summons and Complaint to Target via Federal Express Overnight on

January 13, 2014.[1]  Target's removal notice is timely.  *See* 28 U.S.C. § 1446(b) (removal is timely if filed within 30 days of defendants' receipt of the pleading).  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders received by Target in the State Court Action, are attached to this Notice as **Exhibit A**.

3.   The Superior Court, Judicial District of Waterbury, is located within the District of Connecticut.  28 U.S.C. § 86.  This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

## ALLEGATIONS OF THE COMPLAINT

4.   Plaintiffs bring this individual action against Target alleging that Target has failed to "secure and protect" their personal and private information, and breached a contract relating to "Targets [sic] acceptance of a Full and Final Settlement payoff of the plaintiffs [sic] account." (Complaint ("Compl."), Summary and Overview, at 1.)  Plaintiffs reside in Connecticut.  (*Id*. ¶ 1.) Plaintiffs incorporate each and every allegation in their Complaint into each of their causes of action.  (*Id*. at 3, 7, 9, 10.)

5.   Plaintiffs allege that "[i]n late 2013, Target announced that its data that it collected on 70 million people was stolen.  This number was later revised to as many as 110 million people affected."  (*Id.*, Summary and Overview, at 1.)  Plaintiffs also contend that they owned a "REDcard," the "Target bank credit card" and that they used as many as eight different credit

---

[1] Target disputes the propriety of Plaintiffs' attempted service, and by removing this action does not waive any challenges to the defects in Plaintiffs' service, including any defects in the Summons itself.  *See Jones v. The Globe Int'l, Inc.*, Nos. 3:94:CV01468 (AVC), 3:94:CV1511 (AVC), 3:94CV01512 (AVC), 1995 U.S. Dist. LEXIS 22080, at *14-17 (D. Conn. Sept. 26, 1995) (removal does not waive a defendant's right to dispute the propriety of service); *see also* 28 U.S.C. § 1448 ("In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.").

cards and one debit card for purchases at Target. (Compl., Summary and Overview, at 1-2.) They assert that following the data breach, "two of the plaintiffs [sic] credit cards had unauthorized charge attempts and the plaintiffs [sic] main bank account was attempted to have been hacked, putting the plaintiffs [sic] life savings at great risk." (*Id.*, Summary and Overview, at 2.) Further, Plaintiffs allege that their email accounts "had password changes attempted," and two email accounts had passwords changed "without authorization." (*Id.*)

6. In addition, Plaintiffs assert that they "had had much difficulty with the 'REDcard' and finally paid it off and closed it." (*Id.*) They contend that "Target continues to demand money and continues to report negative, false and fraudulent information to the credit bureaus damaging and inhibiting the plaintiffs from obtaining fair, reasonable and appropriate credit at a fair and reasonable rate," and has even "caused credit to be denied because of the false information being reported." (*Id.*)

7. According to Plaintiffs, Target was "deceptive in the trust of Plaintiffs and failed to secure Plaintiffs [sic] most private and personal information." (*Id.* ¶ 31.) They assert that Target exposed Plaintiffs to damages that are "unimaginable" (*id.*), and further claim to have been damaged by Target's alleged debt collection attempts, the loss of discount the REDcard provided (*id.* ¶ 45), and Target's allegedly negative reports to the credit bureau (*id.* ¶ 46).

8. The Complaint purports to state claims for: (1) breach of privacy and violation of consumer protection pursuant to Connecticut General Statute § 42-470; (2) breach of full and final settlement; (3) credit damage; and (4) mail fraud in violation of 18 U.S.C. § 1341. Plaintiffs seek, *inter alia*, compensatory damages, statutory damages, punitive damages, attorney's fees, and costs. (*Id.* at Demand, ¶¶ 30-31, 45, 52, 56.) Plaintiffs also seek equitable relief, specifically the "removal of the Credit Bureau Trade Line with any reference to money

owed Target, whether placed directly by Target, of [sic] at the direction of Target or as the result of." (Compl. ¶ 58.)

9. Target disputes Plaintiffs' allegations, believes the Complaint lacks merit, and denies that Plaintiffs have been harmed in any way.

## BASIS FOR REMOVAL

10. This action is within the jurisdiction of this Court for two reasons. First, this Court has original jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Second, this Court had diversity jurisdiction under 28 U.S.C. § 1332(a).

### Federal Question Jurisdiction

11. This case is removable under 28 U.S.C. §§ 1331, 1367(a), and 1441 because Plaintiffs assert a cause of action arising under federal law. Count Four of the Complaint alleges that Target violated the federal mail fraud statute, 18 U.S.C. § 1341. This cause of action is based on Target's alleged "mail demands for money" relating to Plaintiffs' "REDcard" despite Target's purported acceptance of Plaintiffs' "Full and Final Settlement." (Compl. ¶¶ 53-56.)

12. The Court has supplemental jurisdiction over the remaining state law causes of action because all of Plaintiffs' claims against Target are predicated on the same alleged acts and omissions and are "so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The crux of Plaintiffs' Complaint is that Target has failed to secure and protect their personal and private information, and has breached a contract relating to Target's acceptance of a "Full and Final Settlement" payoff. (Compl. Summary and Overview, at 1.) Plaintiffs incorporate each and every allegation in their Complaint into each of their causes of action. (*Id*. at 3, 7, 9, 10.)

**Diversity of Citizenship**

13.   This case is removable under 28 U.S.C. §§ 1332(a)(1) and 1441 because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  *See* § 1332(a)(1).

14.   <u>Diversity</u>.  Plaintiffs are residents of Connecticut.  (Compl. ¶ 1.)  Target Corporation is incorporated under the laws of Minnesota, and its principal place of business is in Minnesota.  (Declaration of Jason K. Walbourn ¶ 2, attached hereto at **Exhibit B**)  As of the time of removal, the citizenship of Target has not changed.  Accordingly, Plaintiffs are citizens of Connecticut, and Target is a citizen of Minnesota, thus satisfying the diversity requirements of 28 U.S.C. § 1332(a)(1).

15.   <u>Amount in Controversy</u>.  Section 1332 requires that at least one individual plaintiff's claims surpass the $75,000 threshold.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) (where at least one named plaintiff in the action satisfies the amount in controversy requirement, the court authorizes supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy).

16.   Under Count One of the Complaint (Breach of Privacy and Violation of Consumer Protection), Plaintiffs "request the maximum penalty allowed under the law [Connecticut General Statute §42-470], $500,000 (Five Hundred Thousand Dollars)."  (Compl. ¶ 30.)  Under Count Two of the Complaint (Breach of Full and Final Settlement), Plaintiffs claim monetary damage of $1,139.38.  (*Id.* ¶ 45.)  Plaintiffs also seek additional compensatory damages (*id.*, Demand) and punitive damages (*id.* ¶ 31), but do not quantify them.  Accordingly, Plaintiffs appear to be jointly seeking damages exceeding $500,000.  While Plaintiffs do not allege the amount of their individual claims, if the amount they are seeking is divided equally between

them, they both are seeking an amount that exceeds the $75,000 jurisdictional threshold. While Target disputes that it is liable to Plaintiffs, or that Plaintiffs suffered injury or incurred damages in any amount whatsoever, for purposes of 28 U.S.C. § 1332(a)(1), the amount in controversy for each individual Plaintiff clearly exceeds $75,000. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) (amount in controversy is determined by looking at the allegations of the complaint). Nothing in Plaintiffs' Complaint suggests otherwise.

## DEMAND FOR JURY TRIAL

17. Target demands trial by jury on all issues raised in this action upon which a jury trial is permitted.

## CONCLUSION

18. For all of the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1332. Accordingly, this action is removable pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

WHEREFORE, Defendant Target gives notice that the above-described action pending against it in the Superior Court, Judicial District of Waterbury, Connecticut, is removed to this Court.

DEFENDANT
TARGET CORPORATION

By/s/ Andrea Donovan Napp
   Wystan M. Ackerman (ct24090)
   E-mail: wackerman@rc.com
   Andrea Donovan Napp (ct26637)
   Email: anapp@rc.com
   Robinson & Cole LLP
   280 Trumbull Street
   Hartford, CT 06103-3597
   Tel. No.: (860) 275-8200
   Fax No.: (860) 275-8299

Of Counsel:

David F. McDowell
(*pro hac vice* application forthcoming)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
E-Mail: dmcdowell@mofo.com

Harold J. McElhinny
(*pro hac vice* application forthcoming)
Jack W. Londen
(*pro hac vice* application forthcoming)
Rebekah E. Kaufman
(*pro hac vice* application forthcoming)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
E-Mail: hmcelhinny@mofo.com
E-Mail: jlonden@mofo.com
E-Mail: rkaufman@mofo.com

*Attorneys for Defendant*
Target Corporation

**CERTIFICATE OF SERVICE**

  This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 29th day of January, 2014 to:

Joshua Marciniszyn
David Marciniszyn
633 Willow Street
Waterbury, CT 06710

                /s/ Andrea Donovan Napp
                Andrea Donovan Napp